UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-145 |
| | ) | |
| CHRISTOPHER AMOS, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on defense counsel's Motion for Substitution of Counsel [Doc. 17], referred [Doc. 18] to the undersigned on September 4, 2009. See 28 U.S.C. § 636(b). The parties appeared on September 16, 2009, for a hearing on the motion. Assistant United States Attorney Melissa M. Millican appeared on behalf of the Government. Attorney Paula R. Voss represented the Defendant, who was also present.

In the motion, Attorney Voss asks that the Court substitute a new attorney for the Defendant because she believes that she might become a material witness for the Defendant at his hearing on his Motion to Withdraw Plea [Doc. 15], which is pending before the District Court. She argues that this possibility creates a conflict that could jeopardize the Defendant's right to representation, as well as his right to a full and fair hearing on the withdrawal of his guilty plea. At the September 16 hearing, Ms. Voss contended that a defendant seeking to withdraw a guilty plea bears a heavy burden. In this case, the Defendant entered his guilty plea following conversations with her about the viability of a suppression motion regarding the search of a car incident to arrest.

1

Following the Defendant's change of plea, the Supreme Court issued its opinion in <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009). It is Ms. Voss's belief that she will need to testify about her conversations with the Defendant preceding the change of plea in order for him to be able to meet his burden on the withdrawal motion. The Government did not believe that Ms. Voss had stated a basis for her conflict but deferred to the Court's finding in this regard.

Rule 3.7(a) of the Tennessee Rules of Professional Conduct requires in pertinent part that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; [or] (2) the testimony relates to the nature and value of legal services rendered in the case[.]" At first blush, the instant situation appears to fall within the second exception to the rule that a lawyer must not be a witness and an advocate in that Ms. Voss anticipates testifying about legal advice she gave the Defendant when he was considering whether to enter into a guilty plea. The comments to Rule 3.7(a)(2) are illuminating:

> Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

In the present case, the Motion to Withdraw Plea has already raised the specter of the District Court conducting a trial in this case as opposed to the case being resolved on the Defendant's guilty plea. Moreover, the private conversations of the Defendant and defense counsel are not something about which the District Court would have any firsthand knowledge, as opposed to the actions defense

2

Case 3:08-cr-00145-TAV-CCS   Document 20   Filed 09/17/09   Page 2 of 4   PageID #: 53

counsel had taken in open court to represent the Defendant. Accordingly, the Court finds that the possibility that Ms. Voss may need to testify at the hearing on the Motion to Withdraw creates a conflict for her between her roles as the Defendant's advocate and as a potential witness. Because such conflict could possibly deprive the Defendant of the effective assistance of counsel at his hearing, the Court believes it is prudent to allow Ms. Voss to withdraw and to substitute new counsel for the Defendant.

In light of the potential conflict, the undersigned finds that good cause exists to grant defense counsel's Motion for Substitution of Counsel [**Doc. 17**], the same is **GRANTED**, and Ms. Voss is relieved as counsel for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Also at the September 16 hearing, Attorney Robert R. Kurtz appeared and agreed to accept representation of the Defendant The Court therefore and hereby substitutes and appoints Mr. Kurtz under the Criminal Justice Act (CJA) as counsel of record for the Defendant.

The Court set a motion hearing on the Motion to Withdraw Plea before District Judge Thomas A. Varlan on **October 27, 2009, at 10:00 a.m.**

Accordingly, it is **ORDERED**:

(1) Attorney Voss's Motion for Substitution of Counsel [**Doc. 17**] is **GRANTED**, and Ms. Voss is permitted to withdraw as the Defendant's counsel of record;

(2) Attorney Robert R. Kurtz is appointed under the Criminal Justice Act (CJA) as counsel of record for the Defendant; and

3

(3) The parties are to appear before District Judge Thomas A. Varlan on **October 27, 2009, at 10:00 a.m.**, for a hearing on the Motion to Withdraw Plea [Doc. 15].

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

4