UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CR-145 |
| | ) | (VARLAN/SHIRLEY) |
| CHRISTOPHER AMOS, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is before the Court on defendant Christopher Amos's ("Amos'") Motion to Withdraw Plea (the "motion to withdraw plea") [Doc. 15], filed on May 5, 2009. The United States has responded in opposition [Doc. 16]. On November 10, 2009, the Court held an evidentiary hearing on the motion to withdraw plea at which the parties presented oral argument and testimony. At the conclusion of the hearing, the Court took the motion under advisement. After careful consideration of the motion to withdraw plea, the responsive briefs, the testimony, the oral arguments, the post-hearing briefs, and the relevant law, the Motion to Withdraw Guilty Plea [Doc. 15] will be **GRANTED**.

**I.      Background**

On October 8, 2008, a single count indictment [Doc. 1] was filed against Amos, a convicted felon, charging him with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). This charge arose from a search of Amos's vehicle that was incident to the arrest of one of its occupants. During the search, a firearm was discovered in the vehicle.

According to Amos, he did not file a motion to suppress the firearm in light of conversations he had with his former counsel, Paula Voss ("Ms. Voss"), regarding the viability of a suppression motion under the controlling law at that time[1] pertaining to searches incident to arrest [Doc. 20]. On April 2, 2009, Amos entered an unconditional plea of guilty to the indictment. There was no plea agreement.

On April 21, 2009, approximately three weeks after the Court accepted Amos's guilty plea, the United States Supreme Court issued its opinion in *Arizona v. Gant*, 129 S. Ct. 1710 (2009). In *Gant*, the Supreme Court held that a warrantless search of a vehicle incident to arrest violates the Fourth Amendment unless "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Gant*, 129 S. Ct. at 1723. In the *Gant* opinion, the Supreme Court did not discuss suppression in any context and it did not consider whether the good-faith exception to suppression applied to the facts of the *Gant* case. *Id.* at 1724.

Amos filed the motion to withdraw plea on May 5, 2009, arguing that he should be permitted to withdraw his guilty plea in light of *Gant* and due to the availability, under *Gant*, of a motion to suppress—a motion Ms. Voss had previously determined to be unavailable under earlier law. Amos asserts that the recent change in suppression law brought about by

---

[1] The government asserts, and Amos does not dispute, that the search of the vehicle was proper when it was executed on September 8, 2008, and it was proper on April 2, 2009, the day the Court accepted Amos's guilty plea.

2

*Gant* constitutes a fair and just reason for withdrawal of his guilty plea. The government filed a response in opposition [Doc. 16], and a supplemental brief [Doc. 21], stating that Amos has not shown a fair and just reason for withdrawal of his plea and asking the Court not to apply *Gant* retroactively. Alternatively, the government submits that if the Court does give *Gant* retroactive effect, then the good-faith exception to the exclusionary rule would apply to pre-*Gant* searches in violation of *Gant*.

On August 28, 2009, Ms. Voss filed a motion to substitute attorney [Doc. 17] on grounds that she may become a material witness on Amos's behalf at an evidentiary hearing on the motion to withdraw plea. Magistrate Judge C. Clifford Shirley granted the motion to substitute attorney [Doc. 20] and appointed Robert Kurtz ("Mr. Kurtz") as counsel for Amos.

An evidentiary hearing was held on November 10, 2009 at which the government was present, Mr. Kurtz appeared for Amos, and Ms. Voss appeared as a witness. The parties presented oral argument and Ms. Voss testified for Amos. At the conclusion of the hearing, the Court took the motion to withdraw plea under advisement and allowed the parties additional time to brief the issues raised at the hearing. Amos filed a post-hearing brief [Doc. 25], and the government filed a response [Doc. 26].

## II. Analysis

### A. Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)(B)

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
>  (A) the court rejects a plea agreement under Rule 11(c)(5); or
>  (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted Amos's guilty plea. Accordingly, Amos must show a "fair and just reason" to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992) (citation omitted); *see also* Fed. R. Crim. P. 11(d).

4

Thus, Amos carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Alexander*, 948 F.2d at 1003 (citation omitted). In *United States v. Bashara*, the United States Court of Appeals for the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;
(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;
(3) whether the defendant has asserted or maintained his innocence;
(4) the circumstances underlying the entry of the guilty plea;
(5) the defendant's nature and background;
(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and
(7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 514 U.S. 1033 (1995), *superseded by statute on other grounds*, U.S.S.G. § 3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*). The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Although the *Bashara* and *Alexander* courts were operating under the then controlling

5

Federal Rule of Criminal Procedure 32(e),[2] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d 275, 281; *Valdez*, 362 F.3d at 912.

### B. Application of the *Bashara* Factors

The Court will analyze each of the factors set forth in *Bashara* to guide it in determining whether Amos has demonstrated a fair and just reason for withdrawal of his plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B). The Court will then determine whether withdrawal is warranted after balancing any fair and just reason and any prejudice to the government.

#### 1. The amount of time that elapsed between the plea and the motion to withdraw it

The first factor is the amount of time that elapsed between Amos's plea and the filing of the motion to withdraw plea. Amos filed the motion to withdraw plea on May 5, 2009, approximately two weeks after the Supreme Court issued its opinion in *Gant* and thirty-four (34) days after April 2, 2009, when the Court accepted Amos's guilty plea. The government contends that this thirty-four (34) day period falls outside the "boundary line" between what is acceptable and what is not, as recognized by the Sixth Circuit. *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. March 6, 2009) (noting that a thirty (30) day

---

[2] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (West 2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

6

period between the plea and the motion to withdraw weighed in the defendant's favor but, only slightly, as thirty (30) days is at the "boundary line between what is acceptable and what is not").

The Court will not strictly apply the *Jannuzzi* court's thirty (30) day boundary line. Amos's primary argument for withdrawal of his plea is based on the change in suppression law following *Gant*. The opinion in *Gant* was not issued until April 21, 2009 and Amos filed the motion to withdraw plea only two weeks later. Moreover, the thirty-four (34) day period in this case only exceeds by four (4) days the *Jannuzzi* court's "boundary line" delineating when this factor may be viewed in a defendant's favor. Accordingly, the Court finds that this factor does not weigh toward either granting or denying the motion to withdraw plea. The Court will look to the other factors and determine whether the other factors, when viewed as a whole, demonstrate a fair and just reason for withdrawal of Amos's plea. *See Jannuzzi*, 2009 WL 579331, at *3.

### 2. The presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings

The next factor for the Court to consider is whether any delay in Amos's filing of the motion to withdraw plea is justified. Amos filed the motion to withdraw plea two weeks after *Gant* was issued and thirty-four (34) days after the Court accepted his guilty plea. As noted above, the thirty-four (34) day period falls only four (4) days outside the *Jannuzzi* court's "boundary line," and the change in suppression law, the grounds on which Amos has based his argument, did not occur until after *Gant* was issued.

7

This is not a case in which a defendant has failed to offer any reason for his failure to move for withdrawal at an earlier point in the proceedings. *Alexander*, 948 F.2d at 1004 (discussing a defendant's failure to bring his motion to withdraw plea until five months after his plea and noting that the witnesses he wished to present at a reopened suppression hearing were available at the time of the defendant's first suppression hearing). At the time Amos could have filed a motion to suppress, he was persuaded by his counsel, who acted without knowledge of the pending *Gant* case, that such a motion would not be viable under current law. At the time of Amos's guilty plea, *Gant* had not been decided and Amos filed the motion to withdraw plea only two weeks after the *Gant* decision. As in the Court's analysis of the preceding *Bashara* factor, the Court finds that this factor also does not weigh toward either granting or denying the motion to withdraw plea.

### 3. Whether the defendant has asserted or maintained his innocence

The third factor is whether Amos has asserted or maintained his innocence. Courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence when considering a motion to withdraw plea. *Alexander*, 948 F.2d at 1004 (citing *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977)). Amos states that he was deeply reluctant to plead guilty and that he has expressed his innocence adamantly and frequently [Doc. 25]. Ms. Voss testified at the evidentiary hearing that Amos's desire to pursue a motion to suppress was unusually insistent compared to other defendants she has represented. Further, Amos asserts that when he was told by Ms. Voss that he could not win on a motion to suppress because such a motion would not be successful under pre-*Gant* law, Amos

8

continued to profess his innocence and Ms. Voss was uncertain as to whether he truly intended to plead guilty at the change of plea hearing [*See* Doc. 25].

While the Court acknowledges Amos's present protestations of innocence, the Court must also consider that Amos agreed with the factual basis of the indictment, including the facts that he was a convicted felon at the time he possessed the firearm, and that the firearm affected interstate commerce [*See* Doc. 1]. Amos also has not provided the Court with specific facts or evidence to support any alleged factual innocence of the charge. In addition, Amos did not assert factual innocence to the Court until his post-hearing brief after the *Bashara* factors were discussed at the evidentiary hearing.[3]

On balance, the Court cannot place this case with the category of cases in which a defendant "make[s] a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1004 (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985)). Courts have noted that the aim of Rule 11(d) is to allow a hastily entered plea made with unsure heart and confused mind to be undone. *Alexander*, 948 F.2d at 1004. While Amos's plea was not hastily made, it does not seem to have been a tactical decision, but, as indicated by the testimony of Ms. Voss at the evidentiary hearing and in

---

[3] It seems however, that Amos has asserted his "legal innocence." The testimony of Ms. Voss at the evidentiary hearing indicated that Amos questioned the search of his vehicle before pleading guilty, and Amos has clearly asserted his legal innocence in the motion to withdraw plea.

9

Amos's post-hearing brief, more of a decision of resignation.[4] While these circumstances do not constitute repeated protestations of innocence, given Amos's reluctance to plead guilty, the Court cannot conclude that this factor weighs heavily toward either granting or denying the motion to withdraw plea.

### 4. The circumstances underlying the entry of the guilty plea

The circumstances underlying the entry of the guilty plea comprise the next factor. At the evidentiary hearing, Ms. Voss testified that Amos relied upon her explanations regarding the current state of the law of suppression and vehicle searches and that Amos repeatedly questioned her about the legal justifications for allowing police officers to search his vehicle. Ms. Voss also testified that it was based on these explanations that Amos chose not to pursue a motion to suppress. Ms. Voss also admitted that she was unaware that *Gant* was pending before the Supreme Court at the time Amos entered his plea. Thus, Ms. Voss did not attempt to preserve any such issue for appeal.

In *United States v. Lopez*, 567 F.3d 755, 757 (6th Cir. 2009), the Court of Appeals for the Sixth Circuit applied *Gant*'s articulation of a permissible search incident to arrest when reviewing a police search of a vehicle that occurred more than two years before *Gant* was decided by the Supreme Court. The defendant in *Lopez* had appealed the district court's denial of his Fourth Amendment motion to suppress evidence. *See Lopez*, 567 F.3d at 756.

---

[4] The Court also notes that there was no plea agreement in this case. Thus, this is also not a case where a defendant is moving to withdraw his plea based on dissatisfaction with a plea agreement.

10

In considering the defendant's appeal, the Sixth Circuit expressly declined to apply the holding of *New York v. Belton*, 453 U.S. 454 (1981), which was the controlling law at the time, and stated simply that "the Supreme Court has changed the law." *Lopez*, 567 F.3d at 757. The Sixth Circuit then concluded that the search of the defendant's vehicle violated the Fourth Amendment as articulated in *Gant* and reversed and remanded to the district court for further proceedings consistent with its decision. *Id.* at 758. Thus, *Lopez* dictates that, in the Sixth Circuit, *Gant* applies retroactively to searches that occurred before *Gant* was issued. *See, e.g., United States v. Sharp*, No. 3:09-CR-72, 2009 WL 4348473 (E.D. Tenn. Oct. 21, 2009) (reviewing a search incident to arrest that occurred prior to *Gant* and applying *Gant* retroactively).

In *Lopez*, the Sixth Circuit did not automatically order suppression as a result of its holding, even though the case was on direct review. *Lopez*, 567 F.3d at 757-58. Instead, the Sixth Circuit remanded the case "for further proceedings consistent with" its holding. *Id.* The Sixth Circuit's holding in *Lopez* suggests that the Court should not mechanically suppress evidence as a direct result of the holding in *Gant*, but suggests to the Court that *Gant* should be applied to determine whether the search violated the Fourth Amendment. *See id.*; *see also United States v. Peoples*, No. 1:09-CR-170, 2009 WL 3586564 (W.D. Mich. Oct. 2009). Thus, the Court will apply *Gant* retroactively.

In this case, the government has conceded that the search of Amos's vehicle was invalid under *Gant* [Doc. 21, p. 2]. However, the government argues that if *Gant* is given retroactive effect, then the good-faith exception to the exclusionary rule should apply. There

11

is presently a split between the Circuit Courts of Appeals as to whether the good-faith exception applies to searches in violation of *Gant* that were conducted pre-*Gant*. *Compare United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) (holding that the good-faith exception to the exclusionary rule applies to searches which occurred before *Gant*), *with United States v. Gonzalez*, 578 F.3d 1130 (9th Cir. 2009) (holding that the good-faith exception does not apply to pre-*Gant* searches). District courts within the Sixth Circuit are also divided as to whether the good-faith exception applies. *Compare United States v. Lopez*, No. 6:06-120-DCR, 2009 WL 3112127 (E.D. Ky. Sept. 23, 2009) (applying the good faith exception), *with Peoples*, 2009 WL 3586564, at *2 (stating that "good faith reliance upon case law cannot excuse suppression under the current formulation and application of the good-faith doctrine"); *see also United States v. Buford*, 623 F. Supp. 2d 923, 927 (M.D. Tenn. 2009) (involving the retroactive application of *Gant* in the context of a motion to suppress and stating that the extension of the good-faith exception would cause "perverse results" in that case). The Sixth Circuit has touched on the issue, but has not yet articulated a definitive ruling as to the good-faith exception. *See United States v. Deitz*, 577 F.3d 672, 687-88 (6th Cir. 2009) (holding that reliance on pre-*Gant* case law allowing *Belton* searches is not plain error in a case in which the defendant had appealed his conviction and sentence following a jury trial).

In this case, Amos behaved with unique insistence regarding whether a suppression motion should be filed. Amos was persuaded by Ms. Voss's explanations that, under current suppression law, he did not have a viable suppression argument. Ms. Voss's explanation of

the law to Amos did not include a reference to a possible change in the law due to *Gant*. With this knowledge, Amos entered his plea. Moreover, the government has conceded that the search at issue violated *Gant* and has also stated that "[t]he real issue for the Court to decide is whether the good-faith exception to the exclusionary rule applies to this case." [Doc. 26, p. 3].

Under these circumstances, the Court finds that an inquiry must be made as to whether the good-faith exception applies to the search in this case. On the record and facts presently before the Court, the Court cannot render a thorough and reasoned decision as to whether the good-faith exception should apply. The uncertain state of the law, the disparate decisions from the Circuit Courts of Appeals and district courts within the Sixth Circuit, Amos's reluctance to plead guilty, the government's statements that the search violated *Gant* and that the issue before the Court is whether the good-faith exception applies, and the fact that Ms. Voss and therefore Amos were unaware of *Gant*, all weigh in favor of granting the motion to withdraw plea.

### 5. The defendant's nature and background

The next factor for the Court to consider is Amos's nature and background. A defendant's intelligence, sophistication, and understanding of the plea are relevant to a court's analysis of this factor. *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion to withdraw plea because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea); *see also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007). Amos is a convicted felon and

13

has prior experience with the criminal justice system. There is no indication that Amos did not understand his plea and the consequences of pleading guilty. Thus, this factor weighs in favor of denying the motion to withdraw plea.

### 6. The degree to which the defendant has prior experience with the criminal justice system

The Court must next consider Amos's prior experience with the criminal justice system. For this factor, a court should determine whether a defendant is "a novice" to or "familiar with" the criminal justice system. *Spencer*, 836 F.2d at 240 (quoting *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978)). Amos has prior experience with the criminal justice system, including two state convictions. Thus, he is neither a "novice" nor unfamiliar with the criminal justice system. Thus, this factor weighs in favor of denying the motion to withdraw plea.

### 7. Potential prejudice to the government if the motion to withdraw is granted

The final *Bashara* factor is the potential prejudice to the government if the motion to withdraw is granted. The government has stated that it would be prejudiced if Amos is allowed to withdraw his plea. Specifically, the government states that the government had anticipated a suppression motion in this case and that, in October of 2008, the government had begun to prepare its defense of the stop and search of Amos's vehicle. Accordingly, the government states that if Amos withdraws his plea and files a motion to suppress, it will be forced to prepare its case all over again, including interviewing the same witnesses and reviewing the same exhibits.

14

If the issue to be determined in this case is what the government has asserted, whether the good-faith exception should apply (and the Court agrees that it is), the Court must consider evidence and facts similar to, if not identical, to what would be presented at a suppression hearing. Because the Court will not mechanically suppress evidence discovered in violation of *Gant*, the Court will also not mechanically apply the good-faith exception to the exclusionary rule without a thorough analysis of the facts and law. Thus, the government would be reviewing and preparing the same evidence and researching the same law regardless of whether the government is preparing to respond to a motion to suppress or arguing to the Court that the good-faith exception should apply.

### C. A Fair and Just Reason for Requesting the Withdrawal

A court need not consider the prejudice to the government unless a defendant has established a fair and just reason for vacating the plea. *Alexander*, 948 F.2d at 1004. While a court's decision regarding withdrawal is discretionary, in determining whether a defendant has presented a fair and just reason for withdrawal, a court may consider the non-exclusive *Bashara* factors as a guide in determining whether withdrawal is warranted.

As stated above, the Court has determined that the first, second, and third factors do not weigh toward either granting or denying the motion to withdraw plea. The fourth factor weighs toward granting the motion to withdraw plea, and the fifth and sixth factors weigh toward denying the motion to withdraw plea. Thus, the Court has found there to be factors weighing both for and against the motion to withdraw plea. These factors, *Gant*'s retroactivity, the uncertain state of the law in the Sixth Circuit and other circuits regarding

15

whether the good-faith exception should apply, and the circumstances surrounding Amos's decision to plead guilty all indicate to the Court that Amos has stated a fair and just reason for vacating his plea. Thus, the Court will balance this conclusion with the potential prejudice to the government.

### D. Balancing the Fair and Just Reason with the Prejudice to the Government

While the Court acknowledges that preparing for a suppression hearing that the government originally anticipated more than a year ago will involve some prejudice, the Court also notes that the government did anticipate such a hearing and thus, a motion to suppress would not be an unexpected development. Additionally, as stated above, a motion to suppress will address the same issues that the government would be confronted with if the Court were to make a decision without a motion to suppress as to whether the good-faith exception should apply. Finally, the issues presented by this case—the retroactivity of *Gant*, the application of the good-faith exception, and the circumstances of this case—are important issues that overcome the prejudice faced by the government. In making this determination, the Court notes particularly the circumstances surrounding Amos's guilty plea, the fact that the motion to withdraw was filed two weeks after *Gant* was issued, the uncertain state of the law regarding whether the good-faith exception applies, and the fact that the government has conceded that the search of Amos's vehicle was in violation of *Gant*.

Accordingly, because the Sixth Circuit in *Lopez* has instructed district courts to retroactively take *Gant* into consideration, and because, on the record presently before the

16

Court, the appropriateness of the good-faith exception cannot be determined, the Court will grant the motion to withdraw plea and permit Amos to withdraw his plea.

## IV. CONCLUSION

For the reasons stated herein, Amos's Motion to Withdraw Plea [Doc. 82] is hereby **GRANTED** and defendant's guilty plea is **VACATED**. In light of this ruling, this matter is **SCHEDULED** for trial on **Tuesday, March 2, 2010, at 9:00 a.m.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
