UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-145 |
| | ) | (VARLAN/SHIRLEY) |
| CHRISTOPHER AMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is now before the Court on the Defendant's Motion for Extension of Time [Doc. 42] and Motion to Continue Trial Date [Doc. 43], both filed on June 23, 2010. The parties appeared before the undersigned for a hearing on the motions on June 30, 2010. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the Government. Attorney Robert Kurtz appeared on behalf of the Defendant, who was also present.

The Defendant's first motion requests an extension of the June 23, 2010, deadline for filing objections to the Report and Recommendation [Doc. 41] issued by the undersigned on June 9, 2010. As grounds for the request, defense counsel represents that he was traveling out of town from June 11, 2010, through June 20, 2010, and that he has therefore been "unable to adequately prepare the objections to the Report and Recommendation that must be filed." [Doc. 42 at 2]. The Government does not oppose the Defendant's request for an extension of the deadline for filing objections. Accordingly, after considering the positions of the Defendant, defense counsel, and the Government, the Court finds that the Defendant's motion **[Doc. 42]** is well-taken, and it is **GRANTED**. The

Defendant shall have until **July 9, 2010**, to file his objections to the Report and Recommendation, and the Government shall have until **July 23, 2010**, to reply to those objections.

The Defendant's second motion seeks a continuance of the trial of this case, which is currently set for July 12, 2010, before the Honorable Thomas A Varlan, United States District Judge. The Government has no opposition to the motion. The parties have agreed to request a new trial date of September 28, 2010.

At the June 30 hearing, the parties both stated that all time between the hearing date and the requested new trial date of September 28, 2010, should be fully excludable time under the Speedy Trial Act. Defense counsel stated that the Defendant was aware of and understood his speedy trial rights. Defense counsel further stated that he had discussed the need for a trial continuance with the Defendant, and that the Defendant wanted the trial to be continued. Defense counsel also stated that the Defendant understood that he would remain in custody pending the new trial date.

In light of the Defendant's need for additional time to file objections discussed above, the Court finds that the motion to continue the trial is well-taken. Accordingly, the motion **[Doc. 43]** is **GRANTED**, and the trial of this matter before District Judge Varlan is **CONTINUED** to **September 28, 2010**.

The Court also finds that the ends of justice served by continuing the trial outweigh the best interest of the Defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The Defendant has filed a Motion to Suppress [Doc. 28], and he desires to have this motion resolved by the District Court before trial. See 18 U.S.C. § 3161(h)(1)(D). The Defendant has demonstrated a need for additional time to file objections in the District Court to the Report and Recommendation of the undersigned regarding disposition of the Motion to Suppress. Accordingly, the Court has

granted the Defendant until July 9, 2010, to file his objections. After this date, the Government will need adequate time to respond to the objections, and the District Court will need reasonable time to rule upon them. Finally, the parties will need time to prepare for trial in light of the ultimate ruling on the suppression motion. The Court finds that all of this could not occur before the previously scheduled trial date of July 12, 2010. See 18 U.S.C. § 3161(h)(1)(H). Thus, without a trial continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court therefore finds that all time between the June 30, 2010, motion hearing and the new trial date of September 28, 2010, is fully excludable time under the Speedy Trial Act.

It is **ORDERED**:

(1) The Defendant's Motion for Extension of Time **[Doc. 42]** is **GRANTED**. The Defendant shall have until **July 9, 2010**, to file his objections to the undersigned's Report and Recommendation [Doc. 41], and the Government shall have until **July 23, 2010**, to reply to those objections.

(2) The Defendant's Motion to Continue Trial Date **[Doc. 43]** is **GRANTED**.

(3) The trial of this matter is reset to commence on **September 28, 2010**, before the Honorable Thomas A. Varlan, United States District Judge.

(4) All time between the motion hearing held before the undersigned on **June 30, 2010**, and the new trial date of **September 28, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

                                                ENTER:

                                                s/ C. Clifford Shirley, Jr.
                                                United States Magistrate Judge