UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-145 |
| | ) | (VARLAN/SHIRLEY) |
| CHRISTOPHER AMOS, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation ("R&R") [Doc. 41], issued on June 9, 2010 by United States Magistrate Judge C. Clifford Shirley, Jr. Defendant Christopher Amos has filed objections to the R&R [Doc. 46], and the United States has filed a response to defendant's objections [Doc. 47]. This matter is before the Court on defendant's objections.

**I.    Background of this Case**

The facts of this case, on all relevant points, are undisputed.[1] On September 2, 2008, Officer Brian Headrick ("Officer Headrick") stopped defendant's car, in which defendant was a passenger, for an equipment violation–namely, that the vehicle had a tinted cover over the license plate. The driver, Michelle Quigley ("Quigley"), was arrested and placed in Officer Headrick's patrol car in handcuffs for failure to have a driver's license. Although

---

[1] The magistrate judge based his findings of fact on testimony and evidence presented at the evidentiary hearing, held on March 29, 2010. Both parties agree with the magistrate judge's summation of the facts [*see* Doc. 41, pp. 1-5; Doc. 46, p. 2 n.1; Doc. 47].

initially allowed to remain in the car, defendant was frisked, handcuffed, and placed in a patrol car after a backup officer arrived. The two officers then searched the car incident to the driver's arrest and found a gun and oxycontin in the passenger compartment. Based on his prior training, Officer Headrick testified that he believed he had absolute authority to search the passenger compartment of the car incident to an occupant's arrest. On October 8, 2008, defendant was charged in a single-count indictment [Doc. 1] with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On April 2, 2009, defendant entered a guilty plea. Approximately three weeks later, the United States Supreme Court issued its opinion in *Arizona v. Gant ("Gant")*, 129 S. Ct. 1710 (2009). In *Gant*, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search . . . ." *Gant*, 129 S. Ct. at 1723.[2] On May 5, 2009, defendant filed a motion to withdraw his guilty plea [Doc. 15] in order to litigate a suppression issue available to defendant following the Supreme Court's issuance of *Gant*. On January 5, 2010, this Court permitted defendant to withdraw his plea [Doc. 27]. *See United States v. Amos*, No. 3:08-CR-145, 2010 WL 56086 (E.D. Tenn. Jan. 5, 2010). Following his plea withdrawal, defendant filed a motion to suppress and request for evidentiary hearing [Doc. 28], which this Court referred to Magistrate Judge Shirley. On

---

[2] The Supreme Court also held in *Gant* that police may search a vehicle incident to a recent occupant's arrest if "it is reasonable to believe the vehicle contains evidence of the offense of the arrest." *Gant*, 129 S. Ct. 1723. This prong of the holding, however, is not applicable to the facts of this case.

March 29, 2010, Judge Shirley held an evidentiary hearing on the pending motion [*see* Doc. 37]. Following the hearing, counsel for defendant requested, and was granted, the opportunity to file a post-hearing brief. On April 11, 2010, defendant filed a post-hearing brief [Doc. 39], and on April 13, 2010, the government filed a response [Doc. 40].

On June 9, 2010, Judge Shirley issued the R&R in which he found that the search of defendant's car was unconstitutional under the holding of *Gant*. However, despite this finding of unconstitutionality, the magistrate judge found that suppression of the evidence in this case is not warranted under the exclusionary rule because the searching officers acted in good faith, relying on established case law to conduct a search incident to the arrest of the driver. Accordingly, Judge Shirley recommended that defendant's suppression motion [Doc. 28] be denied. On July 9, 2010, defendant filed objections to the R&R [Doc. 46], and on July 23, 2010, the government filed a response to those objections [Doc. 47].

The Court now addresses defendant's objections.

## II.     Analysis

### A.     Standard of Review

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Shirley's R&R [Doc. 41], the underlying and supporting briefs [Docs. 28, 29, 30], the parties' supplemental briefs [Docs. 35, 36, 39, 40], defendant's objections [Doc. 46], and the government's response [Doc. 47], all in light of the relevant law. For the reasons set forth herein, the Court will overrule defendant's objections

[Doc. 46], accept in whole the R&R [Doc. 41], and deny defendant's suppression motion [Doc. 28].

**B.     The R&R**

Both the magistrate judge and the parties agree that the search of defendant's car was unconstitutional under the holding of *Gant*. The magistrate judge and the parties also agree–although for different reasons–that *Gant* applies retroactively to this case. In his inquiry into the effect of *Gant*'s retroactive application, Judge Shirley analyzed Supreme Court cases, cases from the United States Court of Appeals for the Sixth Circuit, cases from other circuit courts, and cases from various district courts. From this analysis, Judge Shirley concluded that when the constitutional rule of *Gant* is applied to a case, a court must then undertake an analysis of the proper remedy to apply–specifically, the exclusionary rule and its exceptions.

In the final section of the R&R, Judge Shirley analyzed, within the context and facts of this case, whether the good faith exception applies as a matter of law and exists as a matter of fact. After an extensive review of cases examining Fourth Amendment violations and in what circumstances particular violations warrant exclusion of the evidence, Judge Shirley observed that the ultimate determination of whether to exclude evidence resulting from an unconstitutional search turns on two prongs, "the culpability of the police and the potential for exclusion to deter wrongful police conduct." *Herring v. United States*, 129 S. Ct. 695, 698 (2009). Considering this, the magistrate judge found that neither of the aforementioned prongs justified exclusion of the evidence and, as a matter of law and in this case, an officer's

good faith reliance on established case law supports the application of the good faith exception. Judge Shirley also found that the exception applies as a matter of fact because Officer Headrick acted in good faith in searching defendant's car. Accordingly, Judge Shirley recommended that the evidence gained from the search of defendant's car not be suppressed.

  **C.**   **Defendant's Objections**

Defendant makes three specific objections to the R&R. In the first objection, defendant argues that *Gant* does not represent a change in the law but only clarifies existing law, an argument defendant asserts the magistrate judge did not address. In the second objection, defendant argues that if the Court determines that *Gant* represents a change in the law, the proper application of the retroactivity doctrine requires that any evidence seized in this case be suppressed without regard to the good faith exception to the exclusionary rule. In the third objection, defendant argues that if the Court extends the good faith exception to cases such as this, the exception should not be extended to situations where an officer is alleged to have relied upon subsequently overruled case law.

The Court addresses each of defendant's objections in turn.

### 1. Whether *Gant* Represents a Change in the Law

As to the first objection, that *Gant* does not represent a change in the law but only clarifies existing law, the Court respectfully disagrees.[3] In *United States v. Lopez*, 567 F.3d 755 (6th Cir. 2009), the Sixth Circuit considered a defendant's Fourth Amendment challenge to a search of the passenger compartment of his car at a time when the defendant was already secured in the back seat of the patrol car. *Lopez*, 567 F.3d at 757. The Sixth Circuit noted that under *Belton* and current Sixth Circuit precedent, the search of the defendant's passenger compartment would have been permissible. *Id.* However, the court of appeals continued, "the Supreme Court has since *changed the law*" with its holding in *Gant*. *Id.* (emphasis added). The court of appeals then proceeded to reverse and remand the case "[i]n light of intervening Supreme Court authority[.]" *Id.* at 756. On remand, the district court noted similarly, stating that "[t]he Sixth Circuit's decision also recognizes that [*Gant*] constitutes a change in the law regarding searches of vehicles incident to an arrest." *United States v. Lopez*, 655 F. Supp. 2d 720, 727 (E.D. Ky. 2009).

---

[3] While not explicitly stating that he was addressing defendant's argument regarding whether *Gant* changes or clarifies the law, the magistrate judge stated that "[l]ast year, the Supreme Court changed the standard for searching passenger compartments that was previously contained in [*New York v. Belton ("Belton")*, 453 U.S. 454 (1981)], via its decision in [*Gant*]." [Doc. 41, p. 6]. In *Belton*, the Supreme Court concluded that, at the time of a search, an officer could search the passenger compartment of a car incident to an occupant's custodial arrest as an exception to the Fourth Amendment's requirement of a warrant. *Belton*, 453 U.S. at 460. Given the statement by the magistrate judge, it is the opinion of this Court that the magistrate judge did not ignore defendant's argument but subsumed it into his observation that "the Supreme Court changed the standard . . . ." [*Id.*].

6

Furthermore, this Court is of the opinion that *Gant* itself does not dictate the conclusion that it only clarifies existing law. The *Gant* opinion does not contain an explicit assertion that *Gant* "changed the law," but it is also not an opinion couched only in terms of a clarification of the law, as defendant argues. Rather, in *Gant*, the Supreme Court explicitly rejected the broad reading of *Belton* that had widely prevailed and even dominated in the circuit courts of appeals. Writing for a 5-4 majority, and affirming the decision of the Arizona Supreme Court, Justice Stevens observed that *Belton* had been read as allowing the type of search conducted by the officer in *Gant*:

> [O]ur opinion [in *Belton*] has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search . . . . As Justice O'Connor observed [in *Thornton v. United States*, 541 U.S. 615, 624, 628 (2004) (opinion concurring in part)], "lower court decisions seem now to treat the ability to search a vehicle incident to the arrest of a recent occupant as a police entitlement rather than as an exception justified by the twin rationales of [*Chimel v. California*, 395 U.S. 752 (1969)]." Justice Scalia has similarly noted that, . . . cases allowing a search in "this precise factual scenario . . . are legion." *Thornton*, 541 U.S. at 628 (quoting and opinion concurring in judgment).

*Id.* at 1718. In light of this language, the *Lopez* court's directive to the district court, and the substantial impact *Gant* wrought in not only the law of the Sixth Circuit, but in the law of a majority of the circuit courts, this Court concludes that the magistrate judge did not err in treating *Gant* as a change in the law and thus, defendant's first objection is overruled.

7

## 2. The Retroactive Application of *Gant*

Defendant's second objection is that the proper application of the retroactivity doctrine requires that any evidence seized in this case be suppressed without regard to the good faith exception to the exclusionary rule. Defendant argues that the rule of *Gant*, the unconstitutionality of the search, is not being fully applied in this case because the remedy determined by the magistrate judge–that the evidence should not be suppressed–is being applied differently than the remedy the Supreme Court applied in *Gant*. Defendant argues that pursuant to *United States v. Johnson*, 457 U.S. 537 (1982), the retroactivity doctrine requires that the application of the rule and the remedy be the same and there is no basis in law for the R&R's distinguishing of the two.

In response, the government argues that defendant has failed to take into consideration the Sixth Circuit's directive in *Lopez* that, in light of *Gant*, the Sixth Circuit did not reverse the judgment of conviction with instructions that the charges be dismissed. Rather, the court of appeals stated that "[t]he judgment of the district court is reversed and *remanded for further proceedings consistent with this opinion.*" *Lopez*, 567 F.3d at 758 (emphasis added).[4]

The Court disagrees with defendant that the magistrate judge's finding has no basis in law. The magistrate judge thoroughly analyzed this issue, noting that it has yet to be directly addressed by the Sixth Circuit, has been decided differently by district courts within

---

[4] On remand, the district court in *Lopez* applied the good faith exception to the defendant's motion to suppress. *See United States v Lopez*, No. 6:06-120-DCR, 2009 WL 3112127, at *4 (E.D. Ky. Sept. 23, 2009).

8

this Circuit,[5] and has generated a split in the circuit courts.[6] Further, in his explanation as to why he determined that the exclusionary rule should not be automatically applied upon the retroactive application of *Gant*, Judge Shirley fully explained his disagreement with the holding in *United States v. Gonzalez*, 578 F.3d 1130, 1133 (9th Cir. 2009),[7] a Ninth Circuit case which cited and discussed *Johnson*, and an opinion which advances the rationale defendant argues in his objection [*see* Doc. 41, pp. 15-18].

The Court has reviewed the cases analyzed by Judge Shirley and agrees with the magistrate judge's finding that the retroactive application of the rule in *Gant* should not result in automatic suppression of the evidence. Although the Court notes, as did Judge Shirley,

---

[5] In his analysis, the magistrate judge noted that the Sixth Circuit "has yet to address directly the issue of the remedy upon applying *Gant* retroactively" and district courts within the Sixth Circuit have differed in their determinations of *Gant*'s retroactive effect [Doc. 41, pp. 9-10]. *See, e.g., United States v. Buford*, 623 F. Supp. 2d 923, 926 (M.D. Tenn. 2009) (declining to apply the good faith exception as inconsistent with the retroactivity doctrine), *contra United States v. Bawgus*, No. 2:09-CR-60, 2010 WL _____, Doc. 49, p. 14 (E.D. Tenn. at Greenville, May 4, 2010) (finding that the retroactivity doctrine does not prohibit a court from applying the good faith exception); *Lopez*, 655 F. Supp. 2d at 731-32 (holding that the good faith exception may be asserted); *see also Lopez*, 2009 WL 3112127, at *4 (applying the good faith exception and denying the defendant's motion to suppress).

[6] *See United States v. McCane*, 573 F.3d 1037, 1044 (10th Cir. 2009) (holding that the good faith exception applied to a search later invalidated by *Gant*); *see also United States v. Davis*, No. 08-16654, 598 F.3d 1259, 1264-65, 2010 WL 810984, (11th Cir. Mar. 11, 2010) (same), *contra Gonzalez*, 578 F.3d at 1133 (holding that a lower court cannot apply the good faith exception to a retroactive application of *Gant* and a search invalidated by *Gant*).

[7] In *Gonzalez*, a three judge panel rejected the application of the good faith exception to pre-*Gant* searches. *Gonzalez*, 578 F.3d 1130. However, as pointed out by the government [*see* Doc. 36], Judge Bea of the Ninth Circuit, joined by six other judges, filed a dissent from the petition for rehearing *en banc* in the *Gonzalez* case. *United States v. Gonzalez*, 598 F.3d 1095, 1100 (9th Cir. 2010). The dissenting judges argued, contrary to the majority, that the good faith exception to the exclusionary rule should be applied to pre-*Gant* searches. *See Gonzalez*, 598 F.3d at 1100-03.

9

that the Sixth Circuit has not specifically addressed this issue and the Ninth Circuit has found that the good faith exception should not apply in this context, *see Gonzalez*, 578 F.3d 1130, the Court finds the rationales of *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) (holding that the good faith exception applies to searches which occurred before *Gant*), *United States v. Davis*, No. 08-16654, 598 F.3d 1259, 2010 WL 810984 (11th Cir. Mar. 11, 2010) (same), and the dissenters in *Gonzalez*[8] to have the better arguments.

Further, as noted by the magistrate judge, in *United States v. Dietz*, 577 F.3d 672, 687-88 (6th Cir. 2009), the Sixth Circuit held that the admission of evidence from a search incident to arrest that was legal in 1998, but subsequently rendered unconstitutional by *Gant*, was not plain error. *Dietz*, 577 F.3d at 687-88. In so holding, the Sixth Circuit noted that the search was unconstitutional under *Gant* but "[n]evertheless, at the time the officers stopped [the defendant] in 1998, they could lawfully search the articles within [the defendant's] control that might contain destructible evidence." *Id.* (citations omitted). The Court agrees with Judge Shirley that this holding by our appellate court suggests that the rule of *Gant*, followed by a separate Fourth Amendment remedy analysis, should apply in the context of this case.

---

[8] *See supra* note 7.

The Court is also in agreement with the magistrate judge that the two-part, rule, remedy analysis is proper and in accordance with the exclusionary rule and its objectives of deterring police misconduct and safeguarding "Fourth Amendment rights generally through its deterrent effect." *Herring*, 129 S. Ct. at 699-702 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)); *see also United States v. Leon*, 468 U.S. 897, 906 (1984). The rationale of the Tenth Circuit in *McCane* bears some mention here. The *McCane* court, in disagreeing with the reasoning in *Gonzalez* regarding retroactivity, noted that the good faith exception and the retroactivity rule are separate legal principles, each deserving of consideration when deciding whether to suppress evidence under the exclusionary rule. *McCane*, 573 F.3d at 1044-45, n.5. The *McCane* court concluded that applying the good faith exception to a pre-*Gant* search does not undermine the retroactivity rule and excluding evidence because the officers relied on erroneous decisions of the circuit court would serve no deterrent purpose as the court's decisions, not the actions of the officers, were wrong. *Id.* at 1045 (stating that "the reach of the exclusionary rule does not extend beyond police misconduct to punish the mistakes of others, be they judicial officers or employees, or even legislators"). Similarly, the Court agrees with the magistrate judge that in this case, applying the exclusionary rule to the evidence would have no deterrent effect on any police misconduct and such a determination is consistent with the Supreme Court's application of

the good faith exception to the exclusionary rule in recent Fourth Amendment cases.[9] Accordingly, defendant's second objection is overruled.

### 3. Application of the Good Faith Exception

Last, defendant objects to Judge Shirley's finding, in the context of this case, that the good faith exception should apply to an officer's reliance on subsequently overruled case law. Both the magistrate judge and defendant note that neither the Supreme Court nor the Sixth Circuit have extended the good faith exception to situations where an officer is alleged to have relied on Supreme Court precedent that is subsequently overruled, and both note that the Tenth and Eleventh Circuits have determined that the exclusionary rule should not apply when an officer acts in good faith reliance on pre-*Gant* case law, while the Ninth Circuit has found to the contrary. *See McCane*, 573 F.3d 1037; *Davis*, 2010 WL 810984; *contra Gonzalez*, 578 F.3d 1130.

Upon the Court's review of this last objection, defendant's main argument against the application of the good faith exception in this context is that it takes the decision making, analysis, and application of law to facts out of the hands of the judiciary and places it into the hands of a police officer at the scene. Such a situation, defendant argues, is materially

---

[9] *See Herring*, 129 S. Ct. at 699 (applying good faith exception to an officer's reliance on mistaken information in a law enforcement computer database due to negligent record keeping); *Arizona v. Evans*, 514 U.S. 1, 14-16 (applying good faith exception to an officer's reliance on erroneous warrant information in the court's database); *Leon*, 469 U.S. at 906 (applying good faith exception to an officer's reliance on a search warrant later found to be unsupported by probable cause); *Massachusetts v. Sheppard*, 468 U.S. 981, 991 (1984) (applying good faith exception to an officer's reliance on a search warrant that contains clerical errors); *Illinois v. Krull*, 480 U.S. 340, 349-53 (1987) (applying good faith exception to an officer's reliance on a statute that was later declared unconstitutional).

different than the situations in which the good faith exception has previously been applied–situations in which an officer reasonably relies upon the existence of a warrant, a later invalidated warrant, or a later invalidated statute.

Although the Court agrees with defendant that there are some differences between an officer's reasonable reliance on the existence of a later invalidated warrant or on a later invalidated statute and subsequently overruled case law, the Court does not agree that such differences preclude the application of the good faith exception in this case. As indicated by the Supreme Court in *Gant*,[10] Sixth Circuit precedent,[11] and shown through Officer Headrick's testimony at the evidentiary hearing in this case,[12] the search of a passenger compartment incident to a custodial arrest, even when the defendant is detained out of reach of the vehicle, was a well-established exception to the warrant requirement in this jurisdiction at the time defendant's car was searched. As pointed out by Judge Shirley, an officer's conduct in conducting searches in reliance on well-established case law, such as the Sixth Circuit's interpretation of *Belton* prior to *Gant*, has been "checked" by the judiciary in that officers were consistently trained, told, and, during post-search probable cause

---

[10] *Gant*, 129 S. Ct. at 1718-20 (discussing how the broad reading of *Belton* has predominated in the circuit courts of appeals).

[11] *See United States v. White*, 871 F.2d 41, 44 (6th Cir. 1989) ("This demonstrates that, in this Circuit, our consistent reading of *Belton* has been that, once a police officer has effected a valid arrest, that officer can search the area that is *or was* within the arrestee's control.").

[12] Officer Headrick testified that, based on his training, he believed that he had the authority to search the passenger compartment of defendant's car incident to the driver's arrest [*see* Doc. 41, pp. 3-5].

determinations and suppression hearings, had their conduct and its constitutionality reviewed and determined by members of the judiciary. The Court does not find an officer's adherence to his training and his reliance on what courts in this circuit have consistently found to constitute a constitutional search to be the type of judgement that is based on the good faith of the officer alone or the type of judgment that implicates the exclusionary rule and its deterrent effect on police misconduct. Accordingly, defendant's third objection is overruled.

### III.  Conclusion

For the reasons given above, the Court **OVERRULES** defendant's objections [Doc. 46] to Magistrate Judge Shirley's Report and Recommendation. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 41]. Defendant's Motion to Suppress [Doc. 28] is hereby **DENIED**.

IT IS SO ORDERED *NUNC PRO TUNC* July 9, 2010.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE