UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-145-TAV-CCS |
| | ) | |
| CHRISTOPHER AMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the Defendant's *pro se* Motion for Appointment of Counsel [Doc. 82], filed on February 11, 2016, and referred [Doc. 83] to the undersigned on March 11, 2016.

In his motion and accompanying letter [Docs. 82 & 82-1] to the Court, the Defendant requests that the Court appoint him counsel to assist him in filing a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Defendant explains that he needs legal representation because he cannot afford an attorney on his own, the issues involved in his case are complex, the prison where he is incarcerated limits the hours he can access the prison library and its legal materials, and he has limited knowledge of the law. The Defendant submits that the ends of justice would be best served if counsel were appointed to help him file a section 2255 motion.

The appointment of counsel in relation to a collateral attack on the judgment or sentence is not a matter of right. Foster v. U.S., 345 F.2d 675, 676 (6th Cir. 1965) (per curiam). Rather, the decision to appoint counsel under section 2255 "is within the discretion of the court and is required only where the interests of justice or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986). Section 2255 permits the Court to consider the appointment of counsel "in all proceedings brought under this section[.]" 18 U.S.C. § 2255(g).

1

> [A]s a general rule that when a defendant is granted a hearing on a motion filed in pursuance of 2255 to vacate judgment of conviction and sentence, and it appears from his motion and the record of his arraignment, plea, conviction, and sentence, that there is doubt as to the court's jurisdiction, or that the sentence was in excess of the maximum authorized, or is otherwise subject to collateral attack, the court should grant the defendant's request for the appointment of counsel to represent him at the hearing.

Vinson v. U.S., 235 F.2d 120, 122 (6th Cir. 1956).

In the present case, no petition for relief under section 2255 has been filed, nor has a hearing been granted. If the Defendant files such a motion for post-conviction relief in the future and requests the appointment of counsel thereafter, the matter of whether the Defendant qualifies for the appointment of counsel may be considered at that time. 28 U.S.C. § 2255(g). At present, however, the Court finds that the "interests of justice [and] due process" do not warrant the appointment of counsel to assist the Defendant in pursuing relief under section 2255. See Mira, 806 F.2d at 638. Accordingly, the Defendant's Motion for Appointment of Counsel [**Doc. 82**] is **DENIED**.

The Court notes that a preprinted form may be used by *pro se* petitioners to file motions under 28 U.S.C. § 2255. This is a task which numerous *pro se* petitioners have performed in the past and one which, in the Court's opinion, requires no special expertise or legal training to complete. The Defendant is advised that the generous construction to be afforded to *pro se* pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), will be employed with respect to the claims asserted in any section 2255 motion he submits. The Court **DIRECTS** the Clerk's Office to mail the Defendant a copy of this Order and a preprinted form to file a section 2255 motion should the Defendant choose to file the motion on his own.

**IT IS SO ORDERED.**

ENTER:
s/ C. Clifford Shirley, Jr.
United States Magistrate Judge